UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATIVIA D. FIELDS,

    Plaintiff,

v().

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 15-13895
Hon. Denise Page Hood

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND REMANDING MATTER PURSUANT TO SENTENCE FOUR

This matter is before the Court on Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation. **[Doc. No. 22]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 23 and 24]** The Magistrate Judge recommends that the Court deny Defendant's Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment to the extent she seeks remand (but not to the extent she seeks reversal and a direct award of benefits), and remand this matter back to the Defendant pursuant to sentence four of 42 U.S.C. § 405(g) to obtain an expert medical opinion regarding Plaintiff's physical impairments and for further consideration of Plaintiff's application in light of that expert medical opinion.

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Defendant objects to the Magistrate Judge's: (a) conclusion that the ALJ's failure to obtain a medical opinion regarding medical equivalence was not harmless error; and (b) holding that the absence of a medical opinion supporting the ALJ's RFC finding requires remand.

With respect to the first objection, Defendant argues that because the "evidence does not demonstrate the possibility that [Plaintiff] [can] meet the criteria of a listed impairment," *Leveque v. Colvin*, No. 14-12096, 2015 WL 4601156, at *6 (E.D. Mich. June 16, 2015) (R&R adopted Sept. 23, 2015), the ALJ's error in failing to obtain a medical opinion regarding medical equivalence was harmless. Defendant concedes that the ALJ erred in failing to obtain such a medical opinion, but contends that the evidence it cites demonstrates that Plaintiff could not meet the criteria of listing 1.04.

The Court notes that Defendant has presented evidence that could support a finding that Plaintiff has not satisfied the criteria of listing 1.04. The Court also finds that the evidence, specifically medical findings subsequent to Plaintiff's November 29, 2012 surgery to address her cervical spine issues, could support a finding that Plaintiff can satisfy the criteria of listing 1.04. *See, e.g.*, Doc. No. 22, PgID 983-85; Doc. No. 24, PgID 1003-06. And, as "[n]either the ALJ nor this court possesses the requisite medical expertise to determine if [Plaintiff's] impairments . . . in combination equal one of the Commissioner's listings," *Sheeks v. Comm'r of Soc. Sec.*, 2015 WL 753205, at *7 (E.D. Mich. Feb. 23, 2015) (citations and internal quotations omitted), the Court concludes that this matter must be remanded so that the ALJ can obtain the opinion of a qualified medical

advisor on the equivalence of Plaintiff's physical impairments. The Court denies Defendant's first objection.

In its second objection, Defendant contends that the Magistrate Judge misapplied the law in the Sixth Circuit and in this district when she stated:

> Although ultimately a finding of no disability may be appropriate in this case, substantial evidence does not exist in the record to support the current RFC determination because there is no RFC determination by a consulting physician or expert medical advisor.

Doc. No. 23, PgID 996 (citing Doc. No. 22, PgID 988). Defendant argues that the law is well established that an ALJ does not err "simply because there is no medical opinion that corresponds to her RFC finding." Citing *Rudd v. Comm'r of Soc. Sec.*, No. 15-11553, 2016 WL 1729553, at *12 (E.D. Mich. Mar. 22, 2016) (rejecting argument that ALJ must base RFC finding on a medical opinion because "the Commissioner has final responsibility for deciding an individual's RFC"); *Sparrow v. Comm'r of Soc. Sec.*, No. 15-11397, 2016 WL 1658305, at *7 (E.D. Mich. Mar. 30, 2016), R & R adopted, 2016 WL 1640416 (E.D. Mich. Apr. 26, 2016) ("the Commissioner is not obligated to base th[e] RFC upon a physician's RFC, or upon any particular piece of evidence"). Defendant argues that it was error for the Magistrate Judge to "basically hold[] that the ALJ here exceeded her expertise simply because there was no medical opinion directly supporting her RFC assessment." Doc. No. 23, PgID 997.

The Court finds that Defendant has accurately stated the law of the cases cited, but as Plaintiff notes, the facts of this case are different than the facts of those cases. Unlike the cases cited by Defendant, where the ALJ was able to rely or base the RFC finding on some medical opinion, it is undisputed that there was an absence of any medical opinion upon which the ALJ in this case based her RFC finding. *See, e.g.*, SSR 96-5p (RFC must be "based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); *Isaacs v. Astrue*, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008) (citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)) ("The residual functional capacity opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determine a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.'").

The Court finds that these cases do not conflict with the established law that "the Commissioner has the final responsibility for deciding an individual's RFC." *Rudd*, 531 F. App'x at 727-28. The fact that the Commissioner (ALJ) has to make the final decision regarding an applicant's RFC does not obviate the Commissioner's obligation to base the RFC on some medical evidence. SSR 96-5p; 20 C.F.R. 404.1527; *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6

th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

Finally, contrary to Defendant's suggestion, the Magistrate Judge did not hold that the ALJ erred because "there is no medical opinion that corresponds to her RFC finding" or "because there was no medical opinion directly supporting her RFC assessment." Rather, the Magistrate Judge concluded that the ALJ's RFC determination "was apparently formulated based on her own independent medical findings." Doc. No. 22, PgID 988. The Court agrees with the Magistrate Judge's determination and notes that Defendant did not contest that determination in its objection. Accordingly, the Court denies Defendant's second objection.

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Defendant challenges in its objections, was supported by substantial evidence and was not based on any legally erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Stephanie Dawkins Davis **[Doc. No. 22, filed February 17, 2017]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Objections **[Doc. No. 23, filed February 28, 2017]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 17, filed March 25, 2016]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 18, filed April 11, 2016]** is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** back to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), to obtain an expert medical opinion regarding Plaintiff's physical impairments and for further consideration of Plaintiff's application in light of that expert medical opinion.

S/Denise Page Hood
Chief Judge, United States District Court

Dated: March 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager