UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATIVIA FIELDS, | Case No. 15-13895 |
| Plaintiff, | Denise Page Hood |
| v. | Chief United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendant. _____/ | |

**REPORT AND RECOMMENDATION**
<u>**MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)(1)**</u>

### I.  PROCEDURAL HISTORY

On November 4, 2015, plaintiff Kativia Fields filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), Chief District Judge Denise Page Hood referred this matter to then Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income.  (Dkt. 5).  This matter was reassigned to the undersigned on January 5, 2016.  *See* Text-Only Order dated 1/5/16.  On February 17, 2017, the undersigned recommended that judgment be entered in plaintiff's favor and this matter be remanded for further proceedings, and the recommendation was adopted

by the District Court. (Dkt. 22, 26). The Court entered judgment in plaintiff's favor. (Dkt. 27). On June 29, 2017, the parties stipulated to an order awarding attorney fees under the Equal Access to Justice Act (EAJA). (Dkt. 28).

On August 29, 2018, plaintiff then filed this motion for attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $12,224.00, agreeing to refund the previously paid amount under EAJA of $7,000.00. (Dkt. 29). Plaintiff's counsel explains that the $12,224.00 represents 13.75% of the total past-due benefits award and that plaintiff's administrative representative will submit an administrative fee petition in the amount of $10,000.00. Together, the total amount requested would be 25% of the total past-due benefits award. In the instant motion, plaintiff's counsel is seeking the $12,224.00 amount in accordance with the fee agreement entered into between plaintiff and counsel. The government filed a response indicating that plaintiff's motion is unopposed, adding that if the plaintiff is awarded the requested $12,224.00, this amount should be subject to refund to plaintiff of the EAJA fee previously awarded. (Dkt. 30). This matter has been referred to the undersigned for report and recommendation. (Dkt. 31).

Regarding the parties' lack of contest, the Commissioner expressly states that she has no objection to a finding by this Court that plaintiff's counsel's request for fees under 42 U.S.C. § 406(b) in the amount of $12,224.00, subject to refund of the previous EAJA award, is reasonable. (Dkt. 30, at p. 2). Plaintiff's counsel

agrees that he shall refund to plaintiff the EAJA fee award of $7,000.00. (Dkt. 29, at p. 7).

## II.   RECOMMENDATION

Based on the foregoing agreement of the parties, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; and (2) the Court award $12,224.00 in attorney fees to plaintiff's counsel, subject to the $7,000 refund from counsel to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 13, 2018

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 13, 2018, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov